**STATE OF WISCONSIN**  **CIRCUIT COURT**  **LAFAYETTE**

FILED
02-27-2025
Lafayette County
Clerk of Courts
2025CV000021
Honorable Jenna Gill
Branch 1

Estate of James R. Ubersox, by its Special Administr...et al **Electronic Filing**
vs. Foshan City Cradle Medical Technology Company, Inc.    **Notice**
et al

Case No. 2025CV000021
Class Code: Product Liability

GOLD KERNAL, LLC
C/O VALIS GROUP, RA
50 SILVERSIDE ROAD, SUITE 105
WILMINGTON DE 19809

Case number 2025CV000021 was electronically filed with/converted by the Lafayette County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 784cf6**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-776-4832.

Lafayette County Circuit Court
Date: February 28, 2025

UNREDACTED

EX. A

FILED
02-27-2025
Lafayette County
Clerk of Courts
2025CV000021
Honorable Jenna Gill
Branch 1

STATE OF WISCONSIN  :      CIRCUIT COURT    :      LAYFETTE COUNTY

---

ESTATE OF JAMES R. UBERSOX, by its
Special Administrator, JOYCE M. UBERSOX
511 W. High Street
Shullsburg, WI 53586,

               Plaintiffs,

WISCONSIN DEPARTMENT OF HEALTH SERVICES
a State Government Entity
c/o Jesus G.Q. Garza, Legal Counsel
1 West Wilson Street, Room 651
Madison, WI   53707-7850,

AETNA HEALTH AND LIFE INS. CO.
c/o CT Corporation System, Registered Agent
301 S. Bedford St., Ste. 1
Madison, WI 53703,

PHYSICIANS MUTUAL INS. CO.
c/o CT CORPORATION SYSTEM
301 S. Bedford St., Ste. 1
Madison, WI 53703,

           Involuntary Plaintiffs,

vs.

FOSHAN CITY CRADLE MEDICAL
TECHNOLOGY CO., INC.
No. 3, South Xiangtai Road
Danzao Town
Foshan City
Guangdong, China,

ABC INSURANCE COMPANY
one or more fictitious insurance corporations,

**Case No.**

**SUMMONS**
**Product Liability - 30100**
**AMOUNT CLAIMED**
**GREATER THAN**
**$10,000.00**

1

EX. A

AMAZON.COM SERVICES LLC
c/o Corporation Service Company, Registered Agent
300 Deschutes Way SW, Ste. 208 MC-CSC1
Tumwater, WA 98501,

DEF INSURANCE COMPANY
one or more fictitious insurance corporations,

THE OASIS SPACE, LLC
c/o Patrice Grimes, Registered Agent
4491 Cheshire Station Plz., Unit 2227
Woodbridge, VA 22193-2226,

GHI INSURANCE COMPANY
one or more fictitious insurance corporations,

GOLD KERNAL, LLC
c/o Valis Group, Inc., Registered Agent
50 Silverside Rd., Ste. 105
Wilmington, DE 19809,

JKL INSURANCE COMPANY
one or more fictitious insurance corporations,

MAXLEAD INTERNATIONAL, LTD.
Eye Road
Kenton, IP14 6JJ, GB,

MNO INSURANCE COMPANY
one or more fictitious insurance corporations,

Defendants.

---

**THE STATE OF WISCONSIN**
**TO EACH PERSON NAMED ABOVE AS A DEFENDANT:**

You are hereby notified that the plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action. Within forty-five (45) days after receiving this Summons, you must respond to the Complaint with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes. The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, whose address is 626 Main St., Darlington, WI

2

EX. A

53530, and to Habush Habush & Rottier S.C.®, whose address is Stone Ridge I, Suite 100, N14 W23755 Stone Ridge Drive, Waukesha, Wisconsin, 53188. You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated at Waukesha, Wisconsin, this 27th day of February, 2025.

HABUSH HABUSH & ROTTIER S.C.®
Attorneys for Plaintiff

*Electronically Signed By:*   s/ Jesse B. Blocher
Jesse B. Blocher
State Bar No. 1059460
jblocher@habush.com

**P.O. ADDRESS:**

N14 W23755 Stone Ridge Drive, Ste. 100
Waukesha, WI  53188
Ph:  262-523-4700

3

EX. A

Case 2025CV000021    Document 4    Filed 02-27-2025    Page 4 of 18

FILED
02-27-2025
Lafayette County
Clerk of Courts
2025CV000021
Honorable Jenna Gill
Branch 1

STATE OF WISCONSIN  :    CIRCUIT COURT    :    LAYFETTE COUNTY

---

ESTATE OF JAMES R. UBERSOX, by its
Special Administrator, JOYCE M. UBERSOX
511 W. High Street
Shullsburg, WI 53586,

    Plaintiffs,

WISCONSIN DEPARTMENT OF HEALTH SERVICES
a State Government Entity
c/o Jesus G.Q. Garza, Legal Counsel
1 West Wilson Street, Room 651
Madison, WI  53707-7850,

AETNA HEALTH AND LIFE INS. CO.
c/o CT Corporation System, Registered Agent
301 S. Bedford St., Ste. 1
Madison, WI 53703,

PHYSICIANS MUTUAL INS. CO.
c/o CT CORPORATION SYSTEM
301 S. Bedford St., Ste. 1
Madison, WI 53703,

    Involuntary Plaintiffs,

vs.

FOSHAN CITY CRADLE MEDICAL
TECHNOLOGY CO., INC.
No. 3, South Xiangtai Road
Danzao Town
Foshan City
Guangdong, China,

ABC INSURANCE COMPANY
one or more fictitious insurance corporations,

AMAZON.COM SERVICES LLC
c/o Corporation Service Company, Registered Agent

Case No.

**COMPLAINT**
**Product Liability - 30100**
**AMOUNT CLAIMED**
**GREATER THAN**
**$10,000.00**

1

EX. A

300 Deschutes Way SW, Ste. 208 MC-CSC1
Tumwater, WA 98501,

DEF INSURANCE COMPANY
one or more fictitious insurance corporations,

THE OASIS SPACE, LLC
c/o Patrice Grimes, Registered Agent
4491 Cheshire Station Plz., Unit 2227
Woodbridge, VA 22193-2226,

GHI INSURANCE COMPANY
one or more fictitious insurance corporations,

GOLD KERNAL, LLC
c/o Valis Group, Inc., Registered Agent
50 Silverside Rd., Ste. 105
Wilmington, DE 19809,

JKL INSURANCE COMPANY
one or more fictitious insurance corporations,

MAXLEAD INTERNATIONAL, LTD.
Eye Road
Kenton, IP14 6JJ, GB,

MNO INSURANCE COMPANY
one or more fictitious insurance corporations,

Defendants.

---

The above-named plaintiffs by **HABUSH HABUSH & ROTTIER S.C.®**, his attorneys,

as and for a Complaint against the above-named defendants, allege and show to the Court as

follows:

## GENERAL ALLEGATIONS APPLICABLE
## TO ALL CLAIMS FOR DAMAGES

1.     James R. Ubersox, died on or about October 26, 2024.

2

EX. A

Case 2025CV000293   Document 4   Filed 02-27-2025   Page 6 of 18

2.     Joyce M. Ubersox is the duly appointed Special Administrator of the Estate of James R. Ubersox. The estate of James Ubersox is the correct party in interest to pursue recovery of damages for personal injuries James Ubersox sustained as alleged in this Complaint, and suffered from in the final 15 months of his life.

3.     At the present time, Joyce M. Ubersox, is an adult citizen and resident of the State of Wisconsin, residing at 511 W. High Street, Shullsburg, WI 53586.

4.     At the present time, the involuntary plaintiff, Wisconsin Department of Health Services (hereinafter "WDHS"), is a State Government Entity, with offices of its Legal Counsel, Jesus G.Q. Garza, at 1 West Wilson Street, Room 651, Madison, Wisconsin, 53707-7850; WDHS is an involuntary plaintiff by reason of Wis. Stat. § 803.03, as it may have an interest in the plaintiff's claim by reason of its being the medical benefits provider for the plaintiff, James R. Ubersox.

5.     At the present time, the involuntary plaintiff, Aetna Health and Life Insurance Company (hereinafter "Aetna"), is a foreign corporation with offices of its Registered Agent, CT Corporation System, at 301 S. Bedford St., Ste. 1, Madison, WI 53703; Aetna is an involuntary plaintiff by reason of Wis. Stat. § 803.03, as it may have an interest in the plaintiff's claim by reason of its being the prescription drugs and/or medical benefits provider for the plaintiff, James R. Ubersox.

6.     At the present time, the involuntary plaintiff, Physicians Mutual Insurance Company (hereinafter "Physicians Mutual"), is a foreign corporation with offices of its Registered Agent, CT Corporation System, at 301 S. Bedford St., Ste. 1, Madison, WI 53703; Physicians Mutual is an involuntary plaintiff by reason of Wis. Stat. § 803.03, as it may have an interest in

3

EX. A

the plaintiff's claim by reason of its being the medical benefits provider for the plaintiff, James R. Ubersox.

7.  At the present time, upon information and belief, the defendant, Foshan City Cradle Medical Technology Co., Ltd (hereinafter "Foshan"), is a foreign corporation with offices at N. 3, South Xiangtai Road, Danzao Town, Foshan City, Guangdong, China. On information and belief, Foshan does substantial business in the United States and in the state of Wisconsin; Foshan is in the business of manufacturing, selling, and distributing rollator walkers. At all times material hereto, Foshan was engaged in the business of manufacturing, selling, and distributing various medical rehabilitation equipment, including the incident rollator walker described herein.

8.  On information and belief, one or more unknown insurance companies, herein designated pursuant to Wis. Stat. §807.12 by the fictitious name of ABC Insurance Company, had issued a policy or policies of insurance to Foshan, which provided coverage to Foshan for claims such as those hereinafter set forth in this Complaint and which policy or policies of insurance were in full force and effect at the time of the hereinafter described matter; by virtue of this contract of insurance, this defendant insurance company is a proper party defendant herein.

9.  At the present time, upon information and belief, the defendant, Amazon.com Services, LLC (hereinafter "Amazon"), is a foreign corporation with offices of its Registered Agent, Corporation Service Company, at 300 Deschutes Way SW, Ste. 208 MC-CSC1, Tumwater, WA 98501. On information and belief, Amazon does substantial business in the state of Wisconsin. At all times material hereto, Amazon was engaged in the business of selling and distributing various products, including the incident rollator walker described herein.

10.  On information and belief, one or more unknown insurance companies, herein designated pursuant to Wis. Stat. §807.12 by the fictitious name of DEF Insurance Company, had

EX. A

issued a policy or policies of insurance to Amazon, which provided coverage to Amazon for claims such as those hereinafter set forth in this Complaint and which policy or policies of insurance were in full force and effect at the time of the hereinafter described matter; by virtue of this contract of insurance, this defendant insurance company is a proper party defendant herein.

11.     At the present time, upon information and belief, the defendant, The Oasis Space, LLC (hereinafter "Oasis Space), is a foreign corporation with offices of its Registered Agent, Patrice Grimes, at 4491 Cheshire Station Plz., Unit 2227, Woodbridge, VA 22193-2226. On information and belief, Oasis Space does substantial business in the state of Wisconsin. At all times material hereto, Oasis Space was engaged in the business of selling and distributing mobility devices, including the incident rollator walker described herein.

12.     On information and belief, one or more unknown insurance companies, herein designated pursuant to Wis. Stat. §807.12 by the fictitious name of GHI Insurance Company, had issued a policy or policies of insurance to The Oasis Space, LLC, which provided coverage to The Oasis Space, LLC for claims such as those hereinafter set forth in this Complaint and which policy or policies of insurance were in full force and effect at the time of the hereinafter described matter; by virtue of this contract of insurance, this defendant insurance company is a proper party defendant herein.

13.     At the present time, upon information and belief, the defendant, Gold Kernal, LLC (hereinafter "Gold Kernal"), is a foreign corporation with offices of its Registered Agent, Valis Group, Inc., at 501 Silverside Rd., Ste. 105, Wilmington, DE 19809. On information and belief, Gold Kernal does substantial business in the state of Wisconsin. At all times material hereto, Gold Kernal was engaged in the business of selling and distributing mobility devices, including the incident rollator walker described herein.

5

EX. A

14. On information and belief, one or more unknown insurance companies, herein designated pursuant to Wis. Stat. §807.12 by the fictitious name of JKL Insurance Company, had issued a policy or policies of insurance to Gold Kernal, LLC, which provided coverage to Gold Kernal, LLC for claims such as those hereinafter set forth in this Complaint and which policy or policies of insurance were in full force and effect at the time of the hereinafter described matter; by virtue of this contract of insurance, this defendant insurance company is a proper party defendant herein.

15. At the present time, upon information and belief, the defendant, Maxlead International, Ltd. (hereinafter "Maxlead"), is a foreign corporation, duly licensed to do business in the State of Wisconsin, with offices at Eye Road, Kenton, IP146JJJ, Great Brittan. On information and belief, Maxlead International, Ltd. does substantial business within the state of Wisconsin. At all times material hereto, Maxlead was engaged in the business of selling and distributing mobility devices, including the incident rollator walker described herein.

16. On information and belief, one or more unknown insurance companies, herein designated pursuant to Wis. Stat. §807.12 by the fictitious name of MNO Insurance Company, had issued a policy or policies of insurance to Maxlead International Ltd., which provided coverage to Maxlead International Ltd. for claims such as those hereinafter set forth in this Complaint and which policy or policies of insurance were in full force and effect at the time of the hereinafter described matter; by virtue of this contract of insurance, this defendant insurance company is a proper party defendant herein.

## CLAIM FOR DAMAGES BASED ON NEGLIGENCE
## OF THE DEFENDANT, FOSHAN

17. Reallege and incorporate herein by reference all of the allegation of paragraphs 1-16 of the Complaint herein.

6

EX. A

18. On or about July 17, 2023, the plaintiff, James Ubersox, while at an assisted living facility in Shullsburg, Wisconsin, was using an OasisSpace Heavy Duty – 450lbs Capacity Bariatric Rollator Walker, when one of the posts adjacent to the wheels of the rollator walker snapped, causing James Ubersox to fall to the ground and sustain significant injuries.

19. At all times material hereto, defendant Foshan, by its employees, agents, and representatives, was negligent in the design, testing, manufacture, marketing, service, repair, and maintenance, distribution, and sale of the subject rollator walker in question, including but not limited to, failing to adequately design the rollator walker to avoid wheels from breaking under expected use, failing to have adequate manufacturing processes in place to ensure that such walkers are defect-free and will not collapse under expected use, negligent manufacturing the subject walker resulting in its wheels breaking, failing to provide adequate warnings and instructions, failing to recall, warn customers and/or remedy known defects after consumer complaints and claims, and otherwise negligent.

20. The above and foregoing acts of negligence on the part of the defendant, Foshan, were a direct and proximate cause of the injuries and damages sustained by the plaintiff.

21. As a result of the negligence on the part of the defendant, Foshan, as afore alleged, the plaintiff, James R. Ubersox, sustained permanent injuries and damages, including past and future pain, suffering, disfigurement, disability, humiliation, embarrassment, worry and mental distress, all of which is permanent in nature, and loss of enjoyment of life; past wage loss and impairment of future earning capacity; past and future medical expenses; and other compensable injuries.

## CLAIMSS FOR DAMAGES BASED ON THE NEGLIGENCE OF THE DEFENDANT, AMAZON

7

EX. A

22.    Reallege and incorporate herein by reference all of the allegations of paragraphs 1 through 21 of the Complaint herein.

23.    At all times material hereto, defendant, Amazon, by its employees, agents, and representatives, was negligent in selling, distributing, failing to recall, failing to warn customers, and/or failing to remedy known defects with the subject rollator walker after consumer complaints and claims, and was otherwise negligent.

24.    The above and foregoing acts of negligence on the part of the defendant, Amazon, were a direct and proximate cause of the injuries and damages sustained by the plaintiff.

25.    As a result of the negligence on the part of the defendant, Amazon, as afore alleged, the plaintiff, James R. Ubersox, sustained permanent injuries and damages, including past and future pain, suffering, disfigurement, disability, humiliation, embarrassment, worry and mental distress, all of which is permanent in nature, and loss of enjoyment of life; past wage loss and impairment of future earning capacity; past and future medical expenses; and other compensable injuries.

### CLAIM FOR DAMAGES BASED ON NEGLIGENCE OF THE DEFENDANT, THE OASIS SPACE, LLC

26.    Reallege and incorporate herein by reference all of the allegations of paragraphs 1 through 25 of the Complaint herein.

27.    At all times material hereto, defendant, Oasis Space, by its employees, agents, and representatives, was negligent in selling, distributing, failing to recall, failing to warn customers, and/or failing to remedy known defects with the subject rollator walker after consumer complaints and claims, and was otherwise negligent.

28.    The above and foregoing acts of negligence on the part of the defendant, Oasis Space, were a direct and proximate cause of the injuries and damages sustained by the plaintiff.

EX. A

29.     As a result of the negligence on the part of the defendant, Oasis Space, as afore alleged, the plaintiff, James R. Ubersox, sustained permanent injuries and damages, including past and future pain, suffering, disfigurement, disability, humiliation, embarrassment, worry and mental distress, all of which is permanent in nature, and loss of enjoyment of life; past wage loss and impairment of future earning capacity; past and future medical expenses; and other compensable injuries.

## CLAIM FOR DAMAGES BASED ON NEGLIGENCE
## OF THE DEFENDANT, GOLD KERNAL, LLC

30.     Reallege and incorporate herein by reference all of the allegations of paragraphs 1-29 of the Complaint herein.

31.     At all times material hereto, defendant, Gold Kernal, by its employees, agents, and representatives, was negligent in selling, distributing, failing to recall, failing to warn customers, and/or failing to remedy known defects with the subject rollator walker after consumer complaints and claims, and was otherwise negligent.

32.     The above and foregoing acts of negligence on the part of the defendant, Gold Kernal, were a direct and proximate cause of the injuries and damages sustained by the plaintiff.

33.     As a result of the negligence on the part of the defendant, Gold Kernal, as afore alleged, the plaintiff, James R. Ubersox, sustained permanent injuries and damages, including past and future pain, suffering, disfigurement, disability, humiliation, embarrassment, worry and mental distress, all of which is permanent in nature, and loss of enjoyment of life; past wage loss and impairment of future earning capacity; past and future medical expenses; and other compensable injuries.

## CLAIM FOR DAMAGES BASED ON NEGLIGENCE
## OF THE DEFENDANT, MAXLEAD INTERNATIONAL, LTD.

EX. A

34. Reallege and incorporate herein by reference all of the allegations of paragraphs 1-33 of the Complaint herein.

35. At all times material hereto, defendant, Maxlead, by its employees, agents, and representatives, was negligent in selling, distributing, failing to recall, failing to warn customers, and/or failing to remedy known defects with the subject rollator walker after consumer complaints and claims, and was otherwise negligent.

36. The above and foregoing acts of negligence on the part of the defendant, Maxlead, were a direct and proximate cause of the injuries and damages sustained by the plaintiff.

37. As a result of the negligence on the part of the defendant, Maxlead, as afore alleged, the plaintiff, James R. Ubersox, sustained permanent injuries and damages, including past and future pain, suffering, disfigurement, disability, humiliation, embarrassment, worry and mental distress, all of which is permanent in nature, and loss of enjoyment of life; past wage loss and impairment of future earning capacity; past and future medical expenses; and other compensable injuries.

## CLAIMS BASED ON STRICT LIABILITY AGAINST DEFENDANTS, FOSHAN, OASIS SPACE, MAX LEAD AND GOLDEN KERNAL AS DESIGNERS/MANUFACTURERS

38. Reallege and incorporate herein by reference all of the allegations of paragraphs 1-37 of the Complaint herein.

39. Pursuant to Wis. Stat. § 895.047, the subject rollator walker was in a defective condition so as to be unreasonably dangerous to users with respect to its design, testing, manufacture, marketing, distribution, sale and warnings when it left the possession and control of the defendant, Foshan. Foshan was the primary manufacturer and designer, while defendants Oasis Space, Max Lead, and Golden Kernal contributed to the design and manufacture of the defective rollator walker. Specifically, it was defective in three ways: (1) because of inadequate instructions

10

EX. A

or warnings as the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the manufacturer and the omission of the instructions or warnings rendered the product not reasonably safe, (2) because it contained a manufacturing defect that departed from its intended design and led to its failure, and (3) because the risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the manufacturer and the omission of the alternative design renders the product not reasonably safe.

40.     The subject rollator walker was defective when it left possession of the defendant, Foshan, and was a product the defendant expected to and did reach the plaintiff without substantial change in the condition in which it was sold.

41.     The defective condition which rendered the subject rollator walker unreasonably dangerous to users like the plaintiff was a direct and proximate cause of the injuries and damages sustained by the plaintiff described above.

## CLAIMS BASED ON STRICT LIABILITY AGAINST DEFENDANT, AMAZON AS SELLER

42.     Reallege and incorporate herein by reference all of the allegations of paragraphs 1-41 of the Complaint herein.

43.     Defendant Amazon sold the rollator walker in question and is therefore liable as a seller/distributor under Wis. Stat. § 895.047(2). Defendant, Amazon, assumed contractual responsibility for design, manufacturing, and/or rendering of the warnings for the walker. Moreover, plaintiffs will not be able to fully enforce a judgment against the defendant, Foshan and its insurer. As such, defendant Amazon is liable as a seller/distributor of the rollator walker and for any liability of defendant Foshan under Wis. Stat. § 895.047(2).

11

EX. A

## CLAIMS BASED ON STRICT LIABILITY AGAINST DEFENDANT, THE OASIS SPACE, LLC AS SELLER

44. Reallege and incorporate herein by reference all of the allegations of paragraphs 1-43 of the Complaint herein.

45. Defendant sold the rollator walker in question and is therefore liable as a seller/distributor under Wis. Stat. § 895.047(2). Oasis Space, assumed contractual responsibility for design, manufacturing, and/or rendering of the warnings for the walker. Moreover, plaintiffs will not be able to fully enforce a judgment against the defendant, Foshan and its insurer. As such, defendant Oasis Space is liable as a seller/distributor of the rollator walker and for any liability of defendant Foshan under Wis. Stat. § 895.047(2).

## CLAIMS BASED ON STRICT LIABILITY AGAINST DEFENDANT, GOLD KERNAL, LLC AS SELLER

46. Reallege and incorporate herein by reference all of the allegations of paragraphs 1-45 of the Complaint herein.

47. Defendant Gold Kernal sold the rollator walker in question and is therefore liable as a seller/distributor under Wis. Stat. § 895.047(2). Defendant, Gold Kernal, assumed contractual responsibility for design, manufacturing, and/or rendering of the warnings for the walker. Moreover, plaintiffs will not be able to fully enforce a judgment against the defendant, Foshan and its insurer. As such, defendant Gold Kernal is liable as a seller/distributor of the rollator walker and for any liability of defendant Foshan under Wis. Stat. § 895.047(2).

## CLAIMS BASED ON STRICT LIABILITY AGAINST DEFENDANT, MAXLEAD INTERNATIONAL LTD AS SELLER

48. Reallege and incorporate herein by reference all of the allegations of paragraphs 1-47 of the Complaint herein.

12

EX. A

49.    Defendant Maxlead sold the rollator walker in question and is therefore liable as a seller/distributor under Wis. Stat. § 895.047(2). Defendant, Maxlead, assumed contractual responsibility for design, manufacturing, and/or rendering of the warnings for the walker. Moreover, plaintiffs will not be able to fully enforce a judgment against the defendant, Foshan and its insurer. As such, defendant Maxlead is liable as a seller/distributor of the rollator walker and for any liability of defendant Foshan under Wis. Stat. § 895.047(2).

50.    WDHS is the medical benefits provider for the plaintiff, James R. Ubersox, and as such, was obligated to pay hospital and medical bills for the treatment of the decedent for the injuries sustained as alleged; by reason of these injuries, WDHS expended money as for the hospital and medical bills and, therefore, may have a subrogation interest herein to the extent of its payments.

51.    Aetna is the medical benefits provider for the plaintiff, James R. Ubersox, and as such, was obligated to pay hospital and medical bills for the treatment of the decedent for the injuries sustained as alleged; by reason of these injuries, Aetna expended money as for the prescription drugs and/or hospital and medical bills and, therefore, may have a subrogation interest herein to the extent of its payments.

52.    Physicians Mutual is the medical benefits provider for the plaintiff, James R. Ubersox, and as such, was obligated to pay hospital and medical bills for the treatment of the decedent for the injuries sustained as alleged; by reason of these injuries, Physicians Mutual expended money as for the hospital and medical bills and, therefore, may have a subrogation interest herein to the extent of its payments.

13

EX. A

WHEREFORE, the plaintiff demands judgment against the defendants for the amount of damages found to be appropriate, together with the costs, disbursements and prejudgment interest in this action.

In the event of settlement or verdict in favor of the plaintiff, plaintiff demands judgment for an order declaring the plaintiff's rights to such settlement/verdict proceeds paramount to those of any subrogated party.

Finally, in the event of any subrogated party's failure to respond to this Complaint in a timely manner, the plaintiff requests this Court to grant an order dismissing the subrogated party from this action and barring any claim for subrogation and/or reimbursement and barring the subrogated party from participating in any judgment or settlement in this action.

Plaintiff alleges that his damages are more than the minimum amount necessary to invoke the jurisdiction of this Court.

Dated at Waukesha, Wisconsin, this 27th day of February, 2025.

HABUSH HABUSH & ROTTIER S.C.®
Attorneys for Plaintiffs

Electronically Signed By:      s/ Jesse B. Blocher
                               Jesse B. Blocher
                               State Bar No. 1059460
                               jblocher@habush.com

**PLEASE TAKE NOTICE THAT THE PLAINTIFF DEMANDS THAT THE ABOVE-ENTITLED ACTION BE TRIED BY A TWELVE PERSON JURY.**

**P.O. ADDRESS:**

Stone Ridge I, Suite 100
N14 W23755 Stone Ridge Drive
Waukesha, WI  53188
Ph: 262-523-4700

14

EX. A